## Case No. 8,822.

### In re McINTIRE.

[1 Ben. 543; [2] 1 N. B. R. 151; Bankr. Reg. Supp. 33; 6 Int. Rev. Rec. 165.]

District Court, S. D. New York. Nov., 1867.

BANKRUPTCY—SERVICE OF NOTICE, FORM NO. 52—REQUEST, FORM NO. 28.

1. When the discharge of a bankrupt is applied for after sixty days from the adjudication, the notice, form No. 52, need be served only on the creditors who have proved their debts, even though it contains a notice of the second and third general meetings of creditors.

2. It is not necessary, in such case, that the request of the assignee, form No. 28, should be furnished to the register.

In this case, at the request of the bankrupt [Charles H. McIntire], the register certified to the court two questions, viz.: (1) Whether, when the discharge is applied for after sixty days from the adjudication, the notice, form No. 52, if containing the notice of the second and third general meetings of the creditors, must be mailed to all the creditors known to the bankrupt, or only to such as have proved their debts; (2) Whether, in applying for the order to show cause why a discharge should not be granted, after sixty days from the adjudication, the bankrupt must furnish to the register the request, form No. 28. The register expressed his opinion, that it was safer to require the notice to be given to all the creditors, and that the request, form No. 28, ought to be furnished.

## Case No. 8,823.

### In re McINTIRE.

[2 Ben. 345; 1 N. B. R. 436 (Quarto. 115); 1 Am. Law T. Rep. Bankr. 120.] [3]

District Court, S. D. New York. April, 1868.

BANKRUPTCY—SETTING ASIDE DISCHARGE—LACHES —VAGUE SPECIFICATIONS.

1. Where specifications of objection to a bankrupt's discharge had been filed, which were too

vague to be triable, and no application was made to amend them, and a discharge was granted, and the creditor, about a month afterward applied, on petition, to have the discharge set aside, and for leave to file amended specifications: *Held*, that the creditor was chargeable with laches.

2. No specific ground of opposition to the discharge was made to appear in the petition, and the discharge could not be impeached on such vague averments; and, on the evidence, there was no ground to believe that the bankrupt had failed to insert all his property in his schedules, or to deliver it to his assignee.

In this case a discharge [2] was granted to the bankrupt [Charles H. McIntire] on the 24th of February, 1868. About a month afterward, this petition was presented to the court, in behalf of a creditor, praying that the discharge might be set aside, and that the creditor might be allowed to file amended specifications of opposition to the discharge. Specifications of objection had been filed in his behalf, which were, however, too vague to be triable, within the rules laid down in previous decisions of this court. Those decisions were known to the attorney for the creditor, but no application was made in his behalf for leave to amend the specifications, until the present motion was made.

F. C. Nye, for bankrupt.
Salter & Cowing, for creditor.

BLATCHFORD, District Judge. 1. The proceedings in this case were regular, and the discharge was properly granted. The specifications of grounds of opposition to the discharge were too vague and general to be triable. The attorney for the creditor had ample opportunity, after the decisions of the court on the question of the sufficiency of specifications were made, and before the discharge in this case was granted, to apply to the court for leave to amend the specifications, and the facts in evidence show that he was guilty of laches in not doing so, after his attention was called to their probable insufficiency.

2. If there had been no laches in the case, still the petition now presented, that the discharge be vacated, and that the creditor be allowed to file amended specifications and oppose the discharge, sets forth no specific ground of opposition. It is as vague as were the specifications filed. It merely sets forth that the attorney for the creditor believes that, if the case is tried on its merits, it can be shown that the bankrupt has a large amount of personal property which he has not put into his schedule of assets, or passed over to the assignee in the case. Even if this is to be regarded as an averment that the bankrupt had such property when he filed his petition, it is too vague to found any action of the court upon. The discharge would have been granted notwithstanding so vague a specification, and, having been granted, it

---

[1] [From 1 N. B. R. 11.]

[2] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[3] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Am. Law T. Rep. Bankr. 120, contains only a partial report.]

[2] [For proceedings upon notice of application for discharge, see Case No. 8,822.]

cannot be impeached on a petition containing only so vague an averment.

3. I have looked into the testimony of the bankrupt taken before the register in this case, and his testimony taken on the supplemental proceedings in the state court, and can see no ground for questioning the bona fides, fairness or validity of the transfer of his property to his brother, in August, 1862, and no reason to suppose the bankrupt failed to insert, in his schedule of assets, all the property he had at the time, or failed to deliver to his assignee all the property he was bound to deliver to him.

The prayer of the petition is denied.